IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILES ALEXANDER, | ) CIVIL NO. 06-00595 JMS/KSC |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT |
| | ) FRANKS' MOTION TO DISMISS; |
| vs. | ) GRANTING CORREA'S MOTION TO |
| | ) DISMISS; GRANTING IN PART AND |
| CITY AND COUNTY OF | ) DENYING IN PART DEFENDANT |
| HONOLULU POLICE | ) CITY AND COUNTY OF HONOLULU |
| DEPARTMENT; BOISSE CORREA, | ) POLICE DEPARTMENT'S MOTION |
| Chief of Police; LEE PACLEB, Police | ) FOR JUDGMENT ON THE |
| Officer; JEREMY FRANKS, Police | ) PLEADINGS; AND GRANTING |
| Officer; JOHN DOES 1-10, Police | ) PLAINTIFF LEAVE TO AMEND |
| Officers, | ) COMPLAINT |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER GRANTING DEFENDANT FRANKS' MOTION TO DISMISS;
GRANTING DEFENDANT CORREA'S MOTION TO DISMISS;
GRANTING IN PART AND DENYING IN PART DEFENDANT CITY AND
COUNTY OF HONOLULU POLICE DEPARTMENT'S MOTION FOR
JUDGMENT ON THE PLEADINGS; AND GRANTING PLAINTIFF
LEAVE TO AMEND COMPLAINT**

## I. INTRODUCTION

On November 3, 2006, Plaintiff Miles Alexander ("Plaintiff") filed a

Complaint against various municipal entities and officials alleging violations of

his constitutional rights pursuant to 42 U.S.C. § 1983.  Before the court are three

motions filed by Defendants: (1) Defendant Jeremy Franks' ("Franks") Motion to

Quash Service of Process and to Dismiss Complaint as Against Defendant Jeremy

Franks[1]; (2) Defendant Boisse Correa's ("Correa") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim; and (3) Defendant City and County of Honolulu Police Department's ("City and County") Motion for Judgment on the Pleadings.

For the reasons stated on the record at the September 24, 2007 hearing and based on the following, the court GRANTS Franks' Motion to Dismiss, GRANTS Correa's Motion to Dismiss, GRANTS IN PART and DENIES IN PART the City and County's Motion for Judgment on the Pleadings, and GRANTS Plaintiff Leave to Amend his Complaint as specifically permitted by this Order.

## II. <u>BACKGROUND</u>

**A.   Plaintiff's Complaint**

The Complaint alleges that on November 30, 2004 Plaintiff, an African-American male, was walking along Maunakea Street in downtown Honolulu when an unmarked police vehicle pulled up beside him and he was ordered to leave the area by one of four plain-clothed police officers in the car.

---

[1] Although Franks brought his Motion to Quash Service of Process and to Dismiss Complaint pursuant to Federal Rule of Civil Procedure 4, Federal Rule of Civil Procedure 12(b)(5) appears to be the appropriate provision for challenging defective service. The court therefore deems Franks' motion as a motion to dismiss brought pursuant to Rule 12(b)(5) for insufficiency of service of process.

Compl. ¶¶ 1, 10, 11, 12.  Plaintiff alleges that he did not know why he was ordered

to leave the area, that he only wanted to go to a store, and that he made no

threatening motions toward the police officers when they suddenly grabbed him,

slammed him to the ground and placed handcuffs on him too tightly.  Compl.

¶¶ 13, 14.  Plaintiff was taken to The Queen's Medical Center for treatment of his

injuries, where he alleges he was again assaulted by the officers.  Compl. ¶ 16.

Plaintiff claims that the officers had no probable cause to approach him on the

street, to arrest him, or to use such force during the arrest and while at The

Queen's Medical Center.  Compl. ¶¶ 18, 19.  According to Plaintiff, on February

25, 2005 he was found not guilty of harassment of assaulting a police officer in the

Circuit Court of the First Circuit.  Compl. ¶ 20.

        Plaintiff filed his Complaint on November 3, 2006, raising nine

causes of action against the City and County of Honolulu Police Department, the

police chief, and several police officers.  The Complaint alleges claims under 42

U.S.C. § 1983 for violations of the following Amendments to the Constitution:

Sixth Amendment (count 4), Eighth Amendment (counts 1, 3, 4, 5), and

Fourteenth Amendment (counts 2, 3, 4, 5).[2]  Plaintiff further alleges state law

---

        [2] In the "Jurisdiction" section of the Complaint, Plaintiff also claims "this action is
brought pursuant to the First, Fourth, Fifth, Sixth, Eighth, Ninth, Twelfth, Thirteenth, and
                                                                        (continued...)

claims of false arrest (count 6), negligence (count 7), and assault and battery

(count 8) and seeks punitive damages against all Defendants (count 9).

**B.     Failure to Serve Franks**

On February 26, 2007, Plaintiff filed an ex parte motion requesting an

enlargement of time to perfect service of the complaint upon unserved Defendants.

Magistrate Judge Kevin S. C. Chang granted Plaintiff an additional 90 days (with

a deadline of May 29, 2007) to serve Officer Franks.  Plaintiff failed to serve

Franks by May 29, 2007.  Instead, on June 14, 2007, Plaintiff filed a second ex

parte motion seeking another enlargement of time to serve Franks.  Magistrate

Judge Chang denied the motion on June 19, 2007, finding that Plaintiff did not

establish that his failure to serve Franks was the result of excusable neglect.

On June 27, 2007, Plaintiff filed a motion for reconsideration of the

June 19, 2007 Order, which Magistrate Judge Chang denied on July 2, 2007.

Plaintiff did not appeal the decision of the Magistrate Judge denying his motion to

this court.  Nonetheless, despite the June 19, 2007 and July 2, 2007 Orders,

Plaintiff served Franks on August 7, 2007.

---

[2](...continued)
Fourteenth Amendments of the United States Constitution."  Compl. ¶ 7.

**C.      Defendants' Rule 12 Motions**

On August 20, 2007, Franks filed a Motion to Quash Service of Process and to Dismiss Complaint as Against Defendant Jeremy Franks.  Plaintiff filed an Opposition on September 5, 2007.  At the September 24, 2007 hearing, Plaintiff's counsel, Andre Wooten, represented that Franks was untimely served in contravention of the court's Orders denying any further enlargement of time because at a June 28, 2007 status conference, Magistrate Judge Chang indicated what steps Plaintiff should have taken in order to effect service of process.  At the September 24, 2007 hearing, Wooten explained that he believed he should continue to attempt to serve Franks based on statements made by Magistrate Judge Chang at the June 28, 2007 status conference.[3]  No recording was made of the June 28, 2007 status conference and Wooten has provided no further evidence of statements made by the court.  The minutes of the June 28, 2007 status conference reflect that the ultimate outcome of the conference was that "Mr. Wooten advised the court that he filed a Motion for Reconsideration as to Enlargement of Time as to service on defendant Franks."  Doc. No. 27.

---

[3] Wooten raised this issue for the first time at the September 24, 2007 hearing; he did not reference the alleged statements by Magistrate Judge Chang in his Opposition.

On July 18, 2007, Correa filed his Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim asking that the Complaint be dismissed with prejudice because Correa, who was sued in his official capacity as Police Chief, is an unnecessary party.  Plaintiff did not file an opposition to the motion. Nevertheless, at the September 24, 2004 hearing, Plaintiff argued that Correa was sued in his official capacity for the limited purpose of injunctive relief and that he should not be dismissed from the case.  The court ordered supplemental briefing on the issue and parties submitted briefs on September 26, 2007.

On July 31, 2007, the City and County filed a  Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).  It argues that the "City and County of Honolulu Police Department" is not a proper party because it is not an entity separate and apart from the municipality of the City and County of Honolulu.  The motion also seeks dismissal of Plaintiff's inartfully pled § 1983 claims (because Plaintiff inadequately alleged an unconstitutional policy and violations of his constitutional rights) and his state law claims against the City and County.  Plaintiff filed an Opposition on September 12, 2007 agreeing that the motion should be granted as to the Honolulu Police Department because it is a department within the City and County; Plaintiff seeks leave to amend to reflect only the City and County of Honolulu as the municipal defendant.  *See* Opp'n at 2.

6

# III.  STANDARDS OF REVIEW

## A.   Motions to Dismiss

### 1.     Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move for dismissal based on insufficiency of service of process. When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Federal Rule of Civil Procedure 4.  *See Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004).

### 2.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Lee v. City of L. A.*, 250 F.3d 668, 679 (9th Cir. 2001).  "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."  *Id.*  Under Rule 12(b)(6), a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th

Cir. 1988) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Id.*

## B.    Motion for Judgment on the Pleadings

"Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is proper when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'"  *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (*quoting Fajardo v. County of L. A.,* 179 F.3d 698, 699 (9th Cir. 1999)).

## IV. <u>ANALYSIS</u>

## A.    Franks' Motion to Dismiss for Insufficiency of Process

Although Plaintiff was given a 90-day extension to serve Franks, he did not serve him by the May 29, 2007 deadline and did not timely file a second motion for an enlargement of time.  Instead, Plaintiff waited until June 14, 2007 -- over two weeks beyond the May 29 deadline -- to file his second ex parte motion for an enlargement of time.  Both Plaintiff's second ex parte motion and his motion for reconsideration were denied.  Plaintiff did not appeal the denial of his motion for reconsideration to this court and, despite the lack of a court order permitting service, served Franks on August 7, 2007.

Federal Rule of Civil Procedure 4(m) grants a plaintiff 120 days in which to serve the complaint and summons upon a defendant. Rule 4(m) provides that if service of process is not timely, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."

In his Opposition, Plaintiff asks the court to "grant Plaintiff's last Ex Parte Motion for Enlargement of time to serve officer Franks, for he was served within that enlarged time, as the motion was denied improperly, due to the difficulty in serving this officer, who the Department hid and protected from service for months." Pl.'s Opp'n at 8. The court will not entertain Plaintiff's untimely request.[4]

Because Plaintiff did not timely object to Magistrate Judge Chang's rulings, this court is precluded from reviewing the denial of Plaintiff's motions for enlargement and reconsideration. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate

---

[4] Although Wooten claims that he believed he should continue to attempt to serve Franks based on statements made by Magistrate Judge Chang at the June 28, 2007 status conference, there is no evidence supporting this account. The minutes of the June 28, 2007 status conference simply reflect that "Mr. Wooten advised the court that he filed a Motion for Reconsideration as to Enlargement of Time as to service on defendant Franks." Doc. No. 27. Regardless of what Wooten believed at the June 28, 2007 status conference, his Motion for Reconsideration was subsequently denied by Magistrate Judge Chang on July 2, 2007. Wooten, therefore, had no reasonable basis to serve Franks, without a court order permitting service, on August 7, 2007.

judge's nondispositive order with the district judge to whom the case is assigned

forfeits its right to appellate review of that order."); *see also* Fed. R. Civ. P. 72(a)

("Within 10 days after being served with copy of the magistrate judge's order, a

party may serve and file objections to the order; a party may not thereafter assign

as error a defect in the magistrate judge's order to which objection was not timely

made.").

Further, to consider Plaintiff's belated attempt to bring the matter

before the court would hinder the court's ability to manage its caseload and

undermine the deadlines established by the Federal Rules of Civil Procedure.  The

court's authority to enforce case management deadlines is well established:

> In these days of heavy caseloads, trial courts in both the federal
> and state systems routinely set schedules and establish
> deadlines to foster the efficient treatment and resolution of
> cases.  Those efforts will be successful only if the deadlines are
> taken seriously by the parties, and the best way to encourage
> that is to enforce the deadlines.  Parties must understand that
> they will pay a price for failure to comply strictly with
> scheduling and other orders, and that failure to do so may
> properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  *See*

*also Santiago-Diaz v. Laboratorio Clinico*, 456 F.3d 272, 277 (1st Cir. 2006)

("[T]he district court has an interest in the efficient management of its docket.

Whenever a party, without good cause, neglects to comply with reasonable

deadlines, the court's ability to manage its docket is compromised.  Courts are entitled to take sensible measures to guard against such debilitating occurrences.").

The court therefore GRANTS the Motion to Dismiss the Complaint as Against Defendant Jeremy Franks.

## B.     Defendant Correa's Motion to Dismiss

Correa is sued in his official capacity as Chief of the Honolulu Police Department.   Plaintiff seeks no relief from Correa beyond his general prayer for relief applicable to all Defendants and the Complaint contains no allegations of personal involvement by Correa.  At the September 24, 2007 hearing, Plaintiff argued that Correa was a necessary party because the Complaint seeks injunctive relief.  Correa argues that his inclusion in the case is duplicitous and unnecessary because Plaintiff does not seek injunctive relief against him that is independent from his cause of action for injunctive relief that is available against the City and County.  The court agrees.

"There is no longer a need to bring official-capacity actions against local government officials, for under [*Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)], *local government units can be sued directly for damages and*

*injunctive or declaratory relief.*" *Kentucky v. Graham*, 473 U.S. 159, 167 n.14

(1985) (emphasis added).  Further,

> [a]fter the *Monell* holding, it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity.  To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorneys fees.  A plaintiff cannot elect which of the defendant formats to use.  If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant.  If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

*Luke v. Abbott*, 954 F. Supp.  202, 204 (C.D. Cal. 1997).  Because both Correa and

the City and County are named, the court DISMISSES the official-capacity officer,

leaving the local government entity as the correct defendant.  Correa's Motion to

Dismiss is GRANTED without leave to amend.

## C.     The City and County's Motion for Judgment on the Pleadings

The City and County moves pursuant to Federal Rule of Civil

Procedure 12(c) for judgment on the pleadings.[5]  Plaintiff agrees that the Honolulu

---

[5] The City and County also asks the court to strike Plaintiff's Opposition because it is 27-pages long, but does not contain a table of contents or table of authorities, in violation of Local Rule 7.5(f).  The Opposition also relies on irrelevant and outdated case law.  Plaintiff quotes at length from *Rutherford v. City of Berkeley*, 780 F.2d 1444, 1446 (9th Cir. 1986), *see* Pl.'s Opp'n at 13, which the City and County points out is no longer good law.  *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989) ("In [*Graham v. Connor*, 490 U.S. 386 (1989)], the Supreme Court rejected the four-part test this court described in *Rutherford v. City of Berkeley,* 780 F.2d 1444,

(continued...)

Police Department is a division of the City and County of Honolulu and that the City and County is the proper municipal Defendant.  The court therefore construes the Complaint as brought against the City and County.  *See Meyer v. City & County of Honolulu,* 6 Haw. App. 505, 507, 729 P.2d 388, 390 n.1 (Ct. App. 1986), *rev'd in part on other grounds*, 69 Haw. 8, 731 P.2d 149 (Haw. 1986).

### 1.    *Municipal Liability Under Section 1983*

The City and County cannot be held liable under § 1983 on the theory of respondeat superior; instead, Plaintiff must demonstrate a direct connection between a City and County policy or custom and the harm suffered.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  The actions of individual employees can support liability against their governmental employer only if the employees were acting pursuant to an official policy, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986), or committed a constitutional violation "pursuant to a longstanding practice or custom[.]"  *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003).

---

[5](...continued)
1446 (9th Cir.1986). . . ."); *Santos v. Gates*, 287 F.3d 846, 852 n.6 (9th Cir. 2002) ("*Rutherford* is in some respects no longer good law because it analyzed the excessive force claim under the substantive due process rubric that was supplanted by the Fourth Amendment approach set forth in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).").  Despite its shortcomings, the court declines to strike Plaintiff's Opposition.

"In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice."  *Karim-Panahi v. L. A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (citation and quotation signals omitted).

   a.   *Claim based on municipal policy or custom*

Plaintiff alleges conduct in conformity with an official policy in count 5 ("Pattern of Conduct Eighth and Fourteenth Amendment Claim Under Section 1983"):

> The Defendants actions, claiming they are looking for a black man of average stature and description and then assaulting the first black man they saw, constitutes a pattern of conduct of rights violations committed by police officers under color of law.  The Defendants instituted or allowed to be instituted the practice, policy, custom, or usage of rights violations as described in this Complaint.

Compl. ¶ 26.  Plaintiff's bare allegations that the Defendant officers' conduct conformed to a municipal practice, policy, or custom suffices to state a *Monell* claim against the City and County.  Defendants' motion is DENIED with respect to Plaintiff's claims regarding a City and County policy, custom, or practice.[6]

---

[6] Although Plaintiff has stated a *Monell* claim against the City and County sufficient to withstand the Motion for Judgment on the Pleadings, Plaintiff is GRANTED leave to amend if
(continued...)

14

    *b. Claim based on failure to train or supervise*

    Plaintiff also alleges a *Monell* claim based on the City and County's

failure to train its police force in count 4 (although the count, entitled "Deliberate

Indifference Eighth, Sixth, and Fourteenth Amendment Claim Under Section

1983," erroneously claims Eighth and Sixth Amendment violations).  "A failure to

train or supervise can amount to a 'policy or custom' sufficient to impose liability

on the County."  *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006).

Plaintiff's count 4 alleges:

> The Defendants, each of them jointly and severally, negligently
> failed to hire, supervise, train or control subordinate police
> officers in the performance of their duties during the arrest of
> the Plaintiff.  The Defendants had knowledge of the unlawful
> arrest and continued imprisonment and falsely and maliciously
> [sic] prosecution of the Plaintiff under color of State law.  The
> Defendants failed to take action to prevent further violations of
> the Plaintiff's rights.  Such actions constitute deliberate
> indifference to the Plaintiff's rights and injuries.

Compl. ¶ 25.  To the extent, however, that Plaintiff alleges the City and County

was *negligent*, he fails to state a *Monell* claim for failure to train or supervise.

"[T]he inadequacy of police training may serve as the basis for § 1983 liability

only where the failure to train . . . amounts to deliberate indifference to the rights

---

   [6](...continued)
he wishes to more fully state the factual basis of the claim.

of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).  To the extent Plaintiff alleges that the City and County was negligent, the City and County's motion is GRANTED.  Plaintiff is GRANTED leave to amend his Complaint in order to state claim under § 1983 for failure to train or supervise by removing allegations that the City and County was negligent.

### 2. *Eighth Amendment Claims are Dismissed Without Leave to Amend*

At the September 24, 2007 hearing, Plaintiff agreed that the Eighth Amendment is inapplicable to his claims.  The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  Plaintiff makes no allegations with respect to bail, fines, or conditions of imprisonment, but does allege that he was falsely imprisoned.  Plaintiff was never convicted or sentenced.  Although unclear, it appears he alleges that he was a suspect or pre-trial detainee at the time of his alleged assaults and false imprisonment.  The Eighth Amendment is not applicable in this case.

The court concludes that granting Plaintiff leave to amend his Eighth Amendment claim would be futile.  *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in

16

denying leave to amend where amendment would be futile."); *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996) (affirming the district court's denial of leave to amend "[b]ecause the proposed claim would be redundant and futile").  Plaintiff's Eighth Amendment claims are DISMISSED without leave to amend.

### 3.    *Sixth Amendment Claims are Dismissed Without Leave to Amend*

Plaintiff alleges a violation of the Sixth Amendment in count 4, but there is no apparent basis for the claim.  Plaintiff sets forth no allegations implicating his Sixth Amendment rights to a jury trial, to confront witnesses, or the assistance of counsel.[7]  Instead, his claims in count 4 relate to Defendants' failure to supervise and train police officers and allege that Defendants "had knowledge" of his unlawful arrest, continued imprisonment, and malicious

---

[7] The Sixth Amendment provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

prosecution,[8] and that they failed to take action to prevent further violations of his rights.  Compl. ¶ 25.

The Sixth Amendment is not applicable to Plaintiff's claims.  The court concludes that granting Plaintiff leave to amend his Sixth Amendment claim would be futile.  Plaintiff's Sixth Amendment claims are DISMISSED without leave to amend.

### 4.    *14th Amendment Claims*

#### a.    *Due Process claims*

With respect to Plaintiff's claims of excessive force by police officers while on Maunakea Street and at The Queen's Medical Center, those claims are properly brought pursuant to the Fourth Amendment.

---

[8] The Complaint does not allege facts sufficient to maintain a claim for malicious prosecution under § 1983.  Plaintiff is GRANTED leave to amend his Complaint to allege facts, which if true, would state a claim for malicious prosecution.  In order to succeed on a malicious prosecution claim under 42 U.S.C. § 1983 , the plaintiff must show (1) tortious conduct under the elements of state law, and (2) intent to deprive the individual of a constitutional right.  *Poppell v. City of San Diego*, 149 F.3d 951, 961 (9th Cir. 1998).  In Hawaii, malicious prosecution requires proof that the prior proceeding (1) was terminated in the plaintiff's favor; (2) was initiated without probable cause; and (3) was initiated with malice.  *See Myers v. Cohen*, 67 Haw. 389, 391,688 P.2d 1145, 1148 (1984).  Because malicious prosecution, by itself, does not constitute a due process violation, to prevail on a malicious prosecution claim under the Constitution the plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right.  *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc).

Under the more specific provision requirement,[9]

> [w]here, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person.

*Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also id.* at 395 ("*[A]ll* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.  Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

Further, "the Fourth Amendment prohibition against unreasonable search and seizure continues to apply after an arrestee is in the custody of the arresting officers."  *Fontana v. Haskin*, 262 F.3d 871, 879 (9th Cir. 2001); *see also Robins v. Harum*, 773 F.2d 1004, 1010 (9th Cir. 1985) ("[O]nce a seizure has

---

[9] "Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis,* 253 U.S. 833, 842 (1998) (*quoting Albright v. Oliver*, 510 U.S. 266, 273 (1994)).

occurred, it continues throughout the time the arrestee is in the custody of the arresting officers. . . .  Therefore, excessive use of force by a law enforcement officer in the course of transporting an arrestee gives rise to a section 1983 claim based upon violation of the Fourth Amendment.").[10]

Defendants' Motion for Judgment on the Pleadings is GRANTED with respect to Plaintiff's due process claims.  Plaintiff is GRANTED leave to amend his Complaint.

b.    *Equal Protection claims*

Although the Complaint is not explicit, it can be read to allege that Plaintiff, an African-American, was intentionally discriminated against by Defendants because of his race.  *See* Compl. ¶ 26 (alleging that Defendants "claim[ed] they [were] looking for a black man of average stature and description

_____

[10] The Complaint is not clear as to whether Plaintiff alleges that he was subject to abuse as a pretrial detainee.  To the extent Plaintiff seeks to allege that he was mistreated as a pretrial detainee (i.e., allegations not related to an arrest, investigatory stop, or other continuing seizure), his claims erroneously brought under the Eighth Amendment may be more properly brought under the Fourteenth Amendment Due Process Clause.  *See Graham* 490 U.S. at 395 n.10 (noting that the "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment"); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards." (citations omitted)).  Although the Complaint does not presently set forth sufficient facts to support a claim of abuse as a pretrial detainee, Plaintiff is GRANTED leave to amend the Complaint to more specifically plead facts that give right to a Fourteenth Amendment due process violation.

and then assault[ed] the first black man they saw."). Defendants' Motion for Judgment on the Pleadings is DENIED with respect to Plaintiff's equal protection claims.

### 5.    *State Law Claims*

Because the court finds that Plaintiff has stated a claim for relief under § 1983 and has granted Plaintiff leave to amend his Complaint, the court does not dismiss Plaintiff's pendant state claims.

The City and County also asks the court to dismiss Plaintiff's assault and battery claim (count 8) because, absent a breach of an independent legal duty, the City and County cannot be liable for an intentional tort committed by one of its police officers.  "A municipality, that is, City Defendants, are 'subject to the state's tort laws in the same manner as any other private tortfeasor may be liable for state law torts that its agents committed.'"  *Annan-Yartey v. Honolulu Police Dep't*, 2007 WL 2238858, at *9 (D. Haw. July 31, 2007) (*quoting Kahale v. City and County of Honolulu*, 90 P.3d 233, 241 (Haw. 2004)).  For nonjudicial officers to be liable for state law tort claims, the plaintiff must prove malice by clear and convincing evidence.  *Id.*  "In line with the 'malice' requirement for nonjudicial officers, the State of Hawaii recognizes a respondeat superior theory for acts of

agents of a municipality in regard to torts that an employee 'maliciously' commits in the scope of his authority." *Id.*

A plaintiff must plead malice in the complaint. *Towse v. Hawaii*, 64 Haw. 624, 632, 647 P.2d 696, 702 (1982) ("[I]t is essential that the injured party *allege* and prove, to the requisite degree, that the official had been motivated by malice and not by an otherwise proper purpose." (emphasis added)).  To the extent that Plaintiff has not alleged "malice" in his state law tort claims, his claims are deficient.  Plaintiff's state law tort claims against the City and County (counts 6, 7, and 8) are DISMISSED with leave to amend.

### 6.    *Punitive Damages*

Plaintiff concedes that a municipality cannot be held liable for punitive damages and that he only seeks punitive damages against the individual capacity defendants.  Defendant City and County's Motion for Judgment on the Pleadings is GRANTED with respect to count 9 for punitive damages against the City and County.

### V.  <u>CONCLUSION</u>

For the reasons stated above, Franks' Motion to Dismiss is GRANTED; Correa's Motion to Dismiss is GRANTED; and the City and

County's Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part.

Plaintiff is GRANTED leave to file an amended complaint, solely as specifically permitted in this Order.  Plaintiff is not granted leave to add additional parties, claims, or theories of liability and amendments not explicitly permitted by this Order require a separate Motion to Amend.  Any amended complaint permitted by this Order must be filed by October 29, 2007.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 28, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Alexander v. City & County of Honolulu Police Dep't et al.*, Civ. No. 06-00595 JMS/KSC; ORDER GRANTING DEFENDANT FRANKS' MOTION TO DISMISS; GRANTING CORREA'S MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART DEFENDANT CITY AND COUNTY OF HONOLULU POLICE DEPARTMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS; AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT